Davis v. Barrett.

DAVIS v. BARRETT.

1. **Trust:** TITLE OF LAND TO SECURE ADVANCES: SALE BY TRUSTEE: REMEDY OF OWNER: MEASURE OF DAMAGES. L., who had the right to redeem from sheriff's sale a tract of land, placed $140 in the hands of defendant, under a parol agreement that defendant should furnish the balance of the money necessary to purchase the sheriff's certificate of sale, and that he should thereupon obtain a sheriff's deed, which he should hold as security for the money advanced by him until L. should repay the same. Defendant procured the deed in the manner agreed upon, but L. failed to repay the money advanced. Afterwards defendant contracted to sell the land to V., for a certain sum paid to himself, and $140 to be paid to L., and executed a quit-claim deed to V., but refused to deliver it until the $140 should be paid by V. to L. L. assigned his right in the matter to plaintiff, who brought this action to recover of defendant the $140 placed in his hands by L. *Held* that, since the title was still in defendant, plaintiff's remedy was to redeem from defendant by paying the amount which the latter had advanced for L., and that an action for the $140 would not lie. *Held* further, *arguendo*, that if defendant had sold the land to an innocent purchaser, plaintiff's measure of damages would have been, not the $140 advanced by L., but the excess of the reasonable value of the land above all liens and charges held by the defendant; and if, in such case, plaintiff should fail to prove such excess, he would be entitled to only nominal damages.

*Appeal from Montgomery Circuit Court.*

FRIDAY, OCTOBER 24.

THE petition alleges, in substance, that in August, 1881, Alexander and Mary Lereaux placed in the hands of the defendant $140, under a parol agreement that the defendant would furnish the balance necessary to purchase the certificate of sheriff's sale to certain real estate owned by the Lereauxs, and to which their right of redemption existed, and would purchase and hold the certificate of sale as security for the money advanced by him, and, upon payment of the money advanced, and interest, would reconvey the property to the Lereauxs; that defendant took an assignment of the certificate of sheriff's sale, and subsequently took a sheriff's deed for said premises, and then sold them to one Viers, and made. him a deed therefor, and put it out of his power to comply with his agreement with the Lereauxs, although they were willing and ready to comply with the contract upon their part; that the Lereauxs sold and assigned to plaintiff their right and claim to said sum of $140. The plaintiff asks judgment for said sum of $140, with interest at six per cent. The defendant, for answer, alleged that the Lereauxs placed in his hands $140, under a parol agreement that he should furnish $360, the further sum necessary to buy in the sheriff's certificate referred to in the petition; that by the terms of said agreement the defendant was to procure an assignment of the certificate, and with it procure a sheriff's deed, and hold the legal title for his security till said Lereauxs reimbursed him for his money advanced, together with interest, costs and expenses; that, in pursuance of said agreement, defendant advanced the sum of $360, and with that, and the sum furnished by the Lereauxs, procured the assignment and sheriff's deed, and that the Lereauxs have failed to pay the sum advanced; that the said Lereauxs requested defendant to sell said land for the highest price he could obtain, and thereupon defendant agreed to sell said land to one Viers, he agreeing to pay therefor to this defendant the sum of $390, and to the said Lereauxs $140; that Viers paid defendant the said sum of $390, and agreed to pay the said Lereauxs the amount of

$140; that defendant made out a quit-claim deed to Viers for said land, but refused to deliver him the same till the said Lereauxs were paid their sum of money; and that the legal title to said land is still retained by the defendant, in his name for the use and benefit of the Lereauxs or their assigns.

The trial was to a jury, and resulted in a verdict and judgment for plaintiff for $140. The defendant appeals.

*C. E. Richards*, for appellant.

*W. S. Strawn*, for appellee.

DAY, CH. J.—The plaintiff alleges that the defendant advanced, for the use of the Lereauxs, a certain sum of money, and that he obtained the legal title to certain lands owned by them, which he was to hold as security for the sum advanced. All this the defendant admits. Under this state of facts, the defendant would have a lien upon the lands for the amount advanced, and the remedy of the Lereauxs, or their assigns, would be to redeem by payment of the amount with interest. The plaintiff, however, excuses himself from making any effort to redeem, by the allegation that the defendant has deeded the land to Viers, and thus put it out of his power to reconvey, if redemption should be made. This allegation is material. Unless this fact exists, the plaintiff has no standing in the form of action which he has adopted. The evidence shows, without any conflict, that the defendant has not deeded the land to Viers, but that he still holds the title in his own name. Even if the defendant had conveyed the land as alleged, the measure of plaintiff's damages would not be the $140 advanced by the Lereauxs toward the redemption, but the amount for which the defendant sold the land, or the excess of the reasonable value of the land above the amount which the defendant received for it. The plaintiff, however, insists that the defendant sold the land only for enough to reimburse himself, and there is not a particle of evidence that the reasonable value of the land was more. Under the evi-

dence adduced, the plaintiff is not entitled to recover, and the court should have sustained the motion for a new trial, upon the ground that the verdict is not sustained by the evidence. The appellee claims that the motion for a new trial was not filed within the time prescribed in the statute, but this claim is not sustained by the transcript, into which we have been obliged to look, on account of a dispute as to the correctness of the abstract.

REVERSED.

## UPON REHEARING.

We have made a careful examination of this case, and have been unable to discover any possible ground for the plaintiff's recovery. His petition is based upon the theory that the Lereauxs, his assignors, were the equitable owners of the land, and that the defendant had a claim against the same for money advanced for the Lareauxs' benefit, and held at one time the legal title to the land for security. So far the parties seem to be agreed. Now the question is, did the Lereauxs, by reason of what afterward transpired, acquire a money claim against the defendant for the sum of $140? We are unable to see that they did. The theory of the petition is that the defendant sold and conveyed the land to one Viers. But it is not averred that Viers was a purchaser without notice, nor shown in any way that the Lereauxs were deprived of their right to redeem. Besides, if it had been shown, it would not have appeared from the petition that the Lereauxs acquired a claim against the defendant for $140. Where a person holds the title to real estate in trust for another, and he wrongfully sells and conveys the property to an innocent purchaser, the equitable owner may, undoubtedly, recover of the trustee the damages which he has sustained by reason of the trustee's wrongful act, but he cannot recover more than nominal damages without an averment showing what the value of the property was, above all liens and charges held by the trustee. The petition contains no such averment.

When we come to the evidence, the plaintiff's case is equally weak. It shows beyond dispute that the defendant never conveyed the property to Viers. He did, it is true, make a contract of sale, and received $390, the amount of his claim against the property. But the Lereauxs were not injured thereby. If the sale was not authorized by them, it had no effect except to convey the defendant's interest. The Lereauxs remained the equitable owners, and had a right to redeem. Their interest could be cut off only by the conveyance of the legal title, and that to a purchaser for value without notice. Viers not only did not acquire the legal title, but, as the evidence shows, he had full notice of the rights of the Lereauxs.

Some other questions are argued, but the foregoing views dispose of the case. The former opinion must be adhered to, and the judgment

REVERSED.